### TURNER *et al.* *v.* CAMP, sheriff, for use, etc.

1. A levying officer to whom a forthcoming bond has been given may in his own name sue for a breach thereof, and it is not improper for him to designate in his petition, as usee, the plaintiff in the execution levied.
2. While a defendant in an action may before its final termination bring to this court for review a decision overruling a demurrer to the plaintiff's petition because the "judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause," such defendant can not, in a bill of exceptions sued out in such a case, properly except also to a decision striking his answer or a portion thereof.

Argued March 17, — Decided April 11, 1900.

Action on forthcoming bond. Before Judge Harris. City court of Floyd county. August 19, 1899.

*M. B. Eubanks,* for plaintiffs in error.
*Wright & Ewing,* contra.

LEWIS, J.　J. E. Camp as sheriff of Floyd county, for the use of the Merchants National Bank of Rome, brought suit against the defendants for the breach of a forthcoming bond given by J. D. Turner, Harry Rawlins, and D. B. Hamilton Jr. to said sheriff, reciting that the latter had levied a certain fi. fa. in favor of the Merchants National Bank of Rome, Ga., against J. D. Turner, principal, and J. P. McConnell, security, on certain property, describing it.　The bond contained an obligation to deliver the property to the sheriff at the time and place of sale.　To this petition the defendants demurred, on the ground that there was a misjoinder of parties; that the bank was not a proper party to the case; that there was no assignment of the bond to the bank; that there was no privity between the sheriff and the bank; that there was no liability to the bank on the bond, which was taken to protect the sheriff, and not for the benefit of the plaintiff in fi. fa.　This demurrer was overruled by the court.　To the petition the defendants filed an answer, which, under the view we take of this case, it is unnecessary to set forth, and to this answer plaintiff filed a demurrer upon several grounds.　This demurrer was partially sustained by the court, striking certain paragraphs of the plea.　The defendants bring the case here by bill of exceptions, complaining first of the judgment of the court overruling their demurrer to the petition, and, second, of the judgment of the court to the extent it sustains the demurrer by plaintiff to their plea.

1. We think there is nothing in the demurrer to the petition. This question is settled by the case of *Aycock* v. *Austin,* 87 *Ga.* 566 (2), where it was decided that a suit by a sheriff on a forthcoming bond brought for the use of the plaintiff in execution will not hinder a recovery, such recovery being allowable only for the purpose of indemnifying the sheriff.

2. We do not think this court has jurisdiction to determine the second question raised by the bill of exceptions.　The first question, had it been decided as contended for by plaintiffs in error, would have been a final disposition of the case, and hence they have a right under the Civil Code, § 5526, to have that question determined by this court.　It appears from the record that the case below is still pending, and the ruling of the court

in passing upon the demurrer to the plea, and in striking a portion thereof, was not a final disposition of the cause. It does not follow, because the bill of exceptions involves one question over which this court has jurisdiction, that we can consider other questions made therein which are prematurely brought here. *Mechanics' Bank* v. *Harrison,* 68 *Ga.* 463-5.

> *Judgment affirmed. All the Justices concurring.*