TURNER *et al. v.* CAMP, sheriff, for use, etc.

This court having, at the March term, 1900 (110 *Ga.* 631), decided that the action was well brought, and also that the alleged error in striking portions of the defendants' answer was not then properly here for determination; and it now appearing that the plaintiff proved his case as laid, there was no error in directing a verdict in his favor. As no exceptions pendente lite to the order striking parts of the defendants' answer were duly filed, it is now too late to complain of the granting of that order.

Argued April 5, — Decided April 26, 1901.

Action on bond.    Before W. H. Ennis, judge pro hac vice. City court of Floyd county.    November 16, 1900.

The bond sued on recited a levy by Broach, deputy-sheriff, upon the property for the forthcoming of which the bond was given. The defendants by plea denied the alleged indebtedness, that the property was of the value alleged in the petition, and that the property was advertised for sale as alleged.    The plaintiff introduced in evidence an execution with two entries of levy on it, one of them the levy above referred to, and the other a levy of prior date on the same property by Johnson, deputy-sheriff; and introduced as a witness Broach, deputy-sheriff, who testified that he made the levy first referred to; that he saw the property on the farm of Turner, the defendant in execution, on the day on which he made the levy; that the defendant did not deliver the property to the sheriff on the day of sale; that the property was of a stated value, in excess of the amount of the execution, which was the amount sued for and was covered by the amount of the bond; that when witness got the execution the levy signed by Johnson was on it; that Johnson was a former deputy-sheriff; and that, at the time of the levy made by the witness, the sheriff's advertisements were made in a certain newspaper, copies of which were introduced in evidence, showing that on March 11, 17, 24, and 31, 1899, the property was advertised to be sold by the sheriff on the first Tuesday in April, 1899, which was the 4th day of that month.    No further evidence was introduced.    The defendants moved that the court direct a verdict for them, because the levy of Johnson appears to have been on sufficient property to have paid the execution, and, being on personal property, it is prima facie evidence of satisfaction; because the property was never legally advertised for sale, the law requiring that

it shall be advertised once a week for four weeks; and because it does not appear that notice of the levy and sale, as required by law, was given to the defendant. The court overruled the motion, and directed a verdict for the plaintiff; and to this the defendants excepted, in their motion for a new trial, the overruling of which is assigned as error. The motion for a new trial alleges that the verdict is contrary to evidence, etc. Also, that the court erred in disallowing a proposed amendment, which is not brought up in the bill of exceptions; in admitting the execution as evidence, over the objection that it showed a levy, undisposed of and unexplained, made prior to the levy in question; and in refusing to allow certain testimony in regard to the possession of the property at the time of the second levy.

*M. B. Eubanks*, for plaintiffs in error. *Denny & Harris*, contra.

Lewis, J. Complaint is made in the motion for new trial that the court erred in refusing to allow an amendment offered by the defendants to their plea. The proposed amendment was not incorporated in the bill of exceptions, but an attempt was made to bring it up as a part of the record. This court has so repeatedly ruled that this can not be done, that it is hardly necessary to do more than call attention to the fact now. We will say, however, that, even if the amendment were properly before us, it simply contained allegations which were practically the same as those embodied in the portions of the original plea which was stricken by the court on demurrer.

On a former hearing of this case (see 110 *Ga.* 631), we held that the action was well brought, and that the alleged error in striking portions of the defendants' answer was not then properly here for determination. By reference to the record in that case we find that the court sustained a demurrer of the plaintiff below as to certain portions of the pleas filed by the defendants. The matter stated in these pleas, it seems, was relied on in the present case, and substantially embodied the grounds in the motion to direct a verdict for the defendants. No exceptions pendente lite were ever taken to the order striking these parts of the plea. It is, therefore, too late now to complain of the order. It appears that the plaintiff below proved his case as laid, and we see no error in the direction of a verdict in his favor.

*Judgment affirmed. All the Justices concurring.*