## RAY v. ANDERSON, administrator.

The Supreme Court has no jurisdiction to pass upon an assignment of error complaining of the striking of an answer made in response to a rule to show cause why the legal representative of a deceased plaintiff should not be made a party plaintiff to the case, or of the granting of an order making the representative such a party, when there has been in the trial court no final judgment in the original case.

Argued January 16, — Decided February 9, 1903.

Motion to dismiss the writ of error.

*John O. Gartrell* and *Lavender R. Ray*, for plaintiff in error.
*Rosser & Brandon* and *Anderson, Anderson & Thomas*, contra.

FISH, J.  In response to a petition filed in the city court of Atlanta by Clifford L. Anderson, as administrator of the estate of Emma C. Pease, to be made a party plaintiff in the case of Emma C. Pease and P. P. Pease and L. B. Davis, trustees for Emma C. Pease, v. Lavender R. Ray, alleged to be pending in such court, Ray filed an answer, in which it was set forth, for cause why the petition should not be granted, that Emma C. Pease died in Chicago, Illinois, July 27, 1894; that P. P. Pease was appointed administrator of her estate, by the probate court of Cook county, Illinois, on April 11, 1895; that upon the trial of the case to which the petitioner sought to be made a party, on April 12, 1895, a verdict and judgment were rendered against the defendant; that in October, 1896, Clifford L. Anderson was duly appointed, in Georgia, administrator of the estate of Emma C. Pease in this State; that on January 12, 1897, Anderson had the execution issued on the judgment levied upon defendant's property; that Annie F. Ray interposed a claim to such property; that upon the trial of the claim case the property was found subject; that afterwards, during the spring of 1901, defendant filed an affidavit of illegality to the execution, upon the ground that the judgment was void, because Emma C. Pease was dead when it was rendered; that prior to that time defendant had understood, from what Anderson had said, that Emma C. Pease died in the spring or summer of 1895; that upon the trial of the issue made by the affidavit of illegality a judgment was rendered declaring the verdict and judgment in favor of Emma C. Pease void for the reason stated in the affidavit; that this motion to make Anderson, administrator, a party was filed April 16, 1902;

and that because of the long delay of the legal representatives of Mrs. Pease "in proceeding with the cause, and on account of their gross and inexcusable neglect and laches in making proper parties plaintiff in said cause, said suit is discontinued," and "should be so entered of record." The answer contained a prayer that, for the reasons above stated, the case should be dismissed. Upon motion of the petitioner this answer was stricken by the court, " because insufficient to prevent the making of parties as prayed for," and an order was granted making Anderson, as administrator 'of Emma C. Pease, party plaintiff in the case. Ray, the defendant, brought the case to this court upon a bill of exceptions wherein he complained that the court erred: (1) in not rendering judgment that the case was discontinued, (2) in not rendering judgment dismissing the case, (3) in striking the defendant's answer, (4) in granting the order making Anderson, administrator, party plaintiff in the case, and (5) in refusing to require Anderson, administrator, to pay all costs that had accrued. Upon the call of the case here, defendant in error moved to dismiss the writ of error, because the bill of exceptions was prematurely sued out, no final judgment having been rendered in the case.

This court has no jurisdiction of a case so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause. Civil Code, § 5526. The court below made only two rulings: (1) striking the defendant's answer because "insufficient to prevent the making of parties as prayed for;" (2) granting an order making petitioner a party plaintiff to the suit. Obviously these rulings were merely interlocutory, and the case was not finally disposed of by either of them, and is still pending in the court below. We think it equally clear that the case would not have been finally terminated had the court held to the contrary of either or both of the rulings made, which is all that the plaintiff in error can properly claim that the court should have done. The answer of the defendant set forth various alleged facts, as cause why the petitioner should not be made party plaintiff to the case. Petitioner's motion to strike the answer was in the nature of a general demurrer thereto, as shown by the judgment of the court holding the answer to be "insufficient to prevent the making of parties as prayed for." The

only question presented for determination by this motion was whether it should be granted or refused. The defendant had no motion before the court. While his answer asked that the suit be declared to be discontinued and dismissed, yet no trial was being had on the merits of his answer, and only its legal sufficiency was being passed upon. Had the court overruled the motion to strike the answer, such ruling would have been equivalent to a judgment overruling a demurrer to the answer; and it has been held this court has no jurisdiction to pass upon an assignment of error complaining of such a judgment when there has been, in the trial court, no final judgment in the case. *United Glass Co.* v. *McConnell*, 110 *Ga.* 616 ; *Hollis* v. *Nelms*, 115 *Ga.* 5 ; *Stromberg-Carlson Tel. Mfg. Co.* v. *Bisbee*, Ib. 346. Had the court refused to grant the order striking the answer, then the petition of Anderson, as administrator, to be made a party plaintiff in the case, and the defendant's answer to such petition, would have been pending, and the issues made thereby would have been in order for trial. So, had the court declined to grant an order making Anderson, as administrator, a party plaintiff, the original case would have been left pending. The death of Mrs. Pease, the original, real party plaintiff, was not a final termination of the original case, but left it pending, so that the administrator of her estate could, on motion, be made a party thereto. Civil Code, § 5016. Neither did the judgment rendered in the original case operate to terminate or discontinue it. That judgment was void, because rendered after Mrs. Pease's death and when there was no party plaintiff in the case; and a void judgment is, in legal effect, no judgment. It neither binds nor bars any one, nor has any effect at all. Freeman on Judgments, § 117. It would have required not only the refusal of the court to make a party plaintiff to the case, but also an order dismissing the case, to finally terminate it. See *Ross* v. *Mercer*, 115 *Ga.* 353; *State Life Association* v. *Kemp*, Ib. 355. Of course, no ruling of the court as to who should pay the costs that had accrued in the case would, without more, finally terminate the action. In view of the foregoing, we are constrained to dismiss the writ of error.

*Writ of error dismissed. By five Justices.*