## CHARLESTON.

### PICKENS *v.* PICKENS.

Submitted June 14, 1912.   Decided February 18, 1913.

1. REFORMATION OF INSTRUMENTS—*Mistake in Deed.*

   If in making and executing a deed for land there be mutual mistake in course and distance, in the covenants of

warranty, in the recital of the number of acres conveyed, for a deficiency in which the grantee may be entitled to an abatement of purchase money, the deed may, on bill filed by the grantee, be corrected and reformed in accordance with the facts and the contract of sale. (p. 53).

2. DEEDS—*Description of Land Conveyed—"More or Less".*

If a deed, in describing the land conveyed, calls for a certain number of acres "more or less", the words quoted, without more, will not affect the positive character of the representation as to acreage, nor necessarily evince intent to change the original contract from a sale by the acre to one in gross. (p. 53).

3. EVIDENCE—*Parol Evidence—Interpretation of Deed.*

When there has been a sale of land by the acre and not in gross, and the consideration recited in the deed is an exact multiple of the number of acres purporting to be conveyed thereby, and the land conveyed is described as containing a certain number of acres, followed by the words "more or less", the deed is thereby rendered ambiguous, and parol proof may be admitted in aid of the proper interpretation of the deed. (p. 53).

(LYNCH, JUDGE, absent).

Appeal from Circuit Court, Lewis County.

Bill by Jonathan Pickens against John F. Pickens. Decree for plaintiff, and defendant appeals.

*Affirmed.*

*Robert L. Bland,* for appellant.

*W. G. Bennett,* for appellee.

MILLER, JUDGE:

Two decrees are appealed from, one adjudicating the principles of the cause, the other carrying that decree into execution. On grounds of mutual mistake therein, the bill sought correction and reformation of a deed, first, in courses and distances; second, in the quantity or acreage; third, in the true amount of purchase money paid and to be paid and acknowledged; fourth, in the warranty of title. The bill alleges a contract of sale by the acre, a shortage of acreage, and incumbrances on the land, covered by the covenants of warranty, which incumbrances the bill prays defendant may be required to remove, namely, (a)

a right of way over the land reserved to Charles Pickens in a prior deed, and, (b) a lien thereon for life support in favor of Mary M. Pickens. And there was also a prayer for abatement of purchase money on account of shortage in acreage, and because of said incumbrances.

With his answer denying mistake, as alleged, defendant tendered a deed of release of the right of way by Charles Pickens and wife, and a quit claim deed from Mary M. Pickens, and denied right to any other relief.

On bill, answer and proofs taken, the court below by the last decree complained of, was of opinion, that as said incumbrances had been so released, the question relating thereto has become moot, and decision thereon was not called for. But the court was of opinion, and so found, that the covenants of warranty were not such as plaintiff had contracted for, and was entitled to demand, and that the deed also contained an error in course and distance which plaintiff was entitled to have corrected; and it was accordingly decreed that defendant do, within the time specified, convey said land, to plaintiff, with covenants of general warranty, not merely "all his right, title and interest therein," describing the lands by the metes and bounds set out in the report and plat of surveyor Flesher, made and filed in the cause, and in default thereof that the commissioner appointed should on his behalf execute such deed, to be binding on the grantor. The decree also found a deficiency of 4 acres,——roods and 20 poles, in the land conveyed, amounting at $15.00 per acre, the contract price, to $73.12, which the court decreed should be credited upon the note of plaintiff for $225.00, given for the deferred installment of purchase money, and that after also crediting thereon $95.00 tendered by plaintiff and paid into court, there remained due on said note a balance of $28.63, which the plaintiff was allowed to also pay into court, and which the decree recites was done in full payment and satisfaction thereof. And it was further decreed that said note is fully paid off and discharged, and no longer constitutes a lien on said land; and the order of the court is that the money so paid into court be paid over by the clerk to defendant, and that plaintiff, who substantially prevailed, should recover his costs.

The preliminary contract in writing between the parties, is

conceded to be a contract for the purchase of the land by the acre, the acreage to be determined by a survey to be made. The deed in consideration of twelve hundred and forty-five dollars paid and to be paid, purported to convey a tract by metes and bounds as "containing 83 acres more or less," the consideration being an exact multiple of the number of acres at the price per acre agreed upon. The fact that the deed employs the words "more or less" after stating the quantity, does not affect the positive character and representation, and does not evince any intent to change the original contract from a sale by the acre to one in gross as contended by appellant. *Crislip* v. *Cain,* 19 W. Va. 438, points 15, 16 and 19 of the syllabus; *Winton* v. *McGraw,* 60 W. Va. 101.

These cases support the proposition that the added words "more or less" in such deed renders it ambiguous, and admitting parol evidence in aid of its interpretation. On this question the court admitted in evidence the original contract between the parties, evidence of what took place at the making of the survey or partial survey of the land, and the colloquium between the parties and the scriviner who prepared the deed at the time it was made. We find nothing in this evidence even tending to show intent to change the original contract from a sale by the acre to one in gross, or to any way waive the rights of the vendee to specific performance, and the terms of the deed being so ambiguous as to admit the evidence introduced in and of its interpretation, not only on this particular question, but upon all other questions involved, we find no error in the decrees justifying reversal. Indeed, upon the whole we think the evidence of mutual mistake clear and convincing, within the meaning of the decisions relied on by appellant, and the decree fully supported thereby.

That there were mistakes in the calls of the deed is also clear, and these the plaintiff was also entitled to have corrected. We doubt, however, whether there was necessity for reformation or correction in the covenants of warranty. The deed may have been open to some criticism on this score, but we hardly think so. If the covenants of general warranty contained in the granting clause had stood alone there could have been no question about this; but in a later clause as already shown this covenant seemed

to be limited to the right, title and interest of the grantor. Inasmuch, however, as plaintiff was entitled to have the deed reformed and corrected in other particulars, there could be no objection to correcting it in this particular also, so as to relieve it of any question of doubt or uncertainty.

For the reasons stated we are of opinion to affirm the decrees, which we think fully supported by the authorities cited.

*Affirmed.*