*Charles Watt Jr.,* for plaintiff.

---

VANZANT *v.* FIRST NATIONAL BANK OF POLK COUNTY *et al.*

ATKINSON, J.  1. It is provided in the Civil Code (1910), § 6138: "No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto."

2. An equitable suit was instituted against a husband and wife, to recover a money judgment against the husband and cancel a voluntary deed from the husband to the wife.  The petition was duly filed, and process was issued and served on the wife, but no service was made upon the husband.  Subsequently the death of the husband was suggested of record, it appearing that he died intestate a few days after the suit was filed and before the appearance term.  The plaintiff as a creditor applied to the ordinary for the appointment of an administrator.  Upon this application a third person was appointed as administrator.  The administrator filed an answer to the main suit.  After all the foregoing had occurred and before the case proceeded to trial on its merits, the widow presented to the court a motion attacking, on stated grounds, the order of the ordinary appointing the administrator and the order of the superior court making the administrator a party defendant to the main case, and praying to set aside as void both of said orders, and to dismiss the answer filed by the administrator.  This motion was stricken

---

Appeal and Error, 3 C. J. p. 433, n. 7; p. 436, n. 8; p. 451, n. 6; p. 464, n. 67; p. 488, n. 34; p. 490, n. 42; p. 571, n. 46; 4 C. J. p. 571, n. 2, 4; p. 588, n. 89, 90.

Executors and Administrators, 24 C. J. p. 798, n. 52 New.

Fraudulent Conveyances, 27 C. J. p. 753, n. 47.

on general demurrer interposed by the plaintiff, and the movant excepted. A motion was made in the Supreme Court to dismiss the bill of exceptions, on the ground that the writ of error was premature. *Held:*

(*a*) The motion which was overruled was essentially a part of the main case (*Ray* v. *Anderson*, 117 *Ga.* 136, 43 S. E. 408; *Smith* v. *Estes*, 128 *Ga.* 368, 57 S. E. 685), relating to matters that would be appropriate in an answer, and did not include a motion to dismiss the petition. It has been held that until there has been in the trial court a judgment finally disposing of the case this court is without jurisdiction to review a judgment dismissing an answer filed by the defendant. *Fugazzi* v. *Tomlinson,* 119 *Ga.* 622 (46 S. E. 831), and cit.; *Bozeman* v. *Ward-Truitt Co.,* 141 *Ga.* 45 (80 S. E. 320); *Battle* v. *Hambrick,* 142 *Ga.* 807 (83 S. E. 937).

(*b*) The administrator individually was a formal party, the real party being the estate of the deceased husband.

(*c*) If the order appointing the administrator and the order making the administrator a party defendant had been set aside and the answer of the administrator dismissed on the ground that said orders were void, the main case would still be left pending in court. If nothing more should be done, it would be appropriate to enter an order of dismissal of the main case. But it would have required such order of dismissal to terminate the main case. It would have been within the power of the court to retain the main case to give the plaintiff opportunity to procure the appointment of another administrator and cause him to be made a party defendant; and then to allow the main case to proceed for the relief which it sought. In the circumstances stated, the judgment sustaining the demurrer to the motion was not a final judgment within the meaning of the statute; and consequently the motion to dismiss the bill of exceptions must be sustained.

(*d*) Under the peculiar facts of the case, leave is granted to treat and consider the official copy of the bill of exceptions on file in the trial court as exceptions pendente lite.

*Writ of error dismissed, with direction. All the Justices concur.*

No. 5710. SEPTEMBER 17, 1927.

Equitable petition. Before Judge Wood. Fannin superior court. October 19, 1926.

*William Butt,* for plaintiff in error.

*Thomas A. Brown* and *Allison S. Prince,* contra.