**LUTZ, Tee, et v SUMMERS, Exr, et**

Ohio Appeals, 2nd Dist, Franklin Co
No. 1945. Decided Oct 15, 1930

Seibert & Seibert, for Lutz, Admr.
J. H. Summers, Columbus, for Mary Sowers.

**HORNBECK, J.**

There are many other averments which, in our view of the case, it is not necessary to set forth in this opinion. The court permitted Emory B. Sowers to be made a party and overruled the motion of plaintiff to strike his name from the files as a party defendant. Likewise overruled, in the main, the motion to strike certain of the averments from the separate defenses of the answer on the claim of the plaintiff that they were redundant and immaterial.

The defendant, Mary Sowers, moves the court to dismiss the petition in error from the files as premature.

If there has been a judgment or final order rendered by the Common Pleas Court in either of the particulars challenged by the petition, the motion is not well taken, otherwise it should be sustained.

As said by Judge Allread in **Equitable Security Company v McDonald et al, 14 Oh Ap 56**:

"The Appellate Court by the Ohio Constitution, §6 Article IV, has jurisdiction to review "Judgments" of the Court of Common Pleas."

The petition in error asserts that the Common Pleas Court in this case rendered a judgment against the plaintiff.

A final order is included within the term "judgments".

**Chandler & Taylor Co. v Southern Pacific Co., 104 Oh St, 188.**

**Cox v Cox, 104 Oh St 611.**

**Laub Baking Co. v Middleton, 118 Oh St 106.**

A judgment is defined by §11582 GC as "the final determination of the rights in action," and the determination must conclude the rights of the parties as to the whole case, or some branch thereof:

**C. S. & C. Rd Co. v Sloan, 31 Oh St 1.**

**Teaff v Hewitt, 1 Oh St 511.**

**Longworth v Mullaly, 12 O. Dec. Reprint (2 Handy 131)** .

The code likewise defines "final order":

"An order affecting a substantial right in an action, when it in effect determines the action and prevents a judgment * * *."

For case applying the letter of the statute see last paragraph **Hobbs v Beckwith, 6 Oh St 252.**

It will be noted that an order is not final if it merely affects a substantial right. It must also determine the action and prevent a judgment.

In **McArthur v The Central Trust Co. et al, 21 O. C. C. 654, it is said:**

"A decree is final where it disposes of the whole merits of the case and leaves nothing further for consideration.

"To be reversible on error the judgment must so prejudicially affect a legal right as to extinguish it, or destroy its proper and legitimate effect in the final settlement of the controversy."

Another test to determine our question is found in **Kelley et al v Stanbery, et al, 13 O. 421:**

"The confusion in determining final from interlocutory decree arises from failing to observe the distinction between facts and things to be ascertained preparatory to final decree, and facts and things to be ascertained in execution of final decree."

We do not believe that the action of the court in this case in the particular which we are now considering was a judgment, because it was not a final determination of the rights of the parties, and obviously it was not a final order.

The exact proposition presented has not been determined in Ohio, so far as we have been able to find, but there is considerable authority elsewhere.

3 Corpus Juris, 477:

"As a general rule * * * an interlocutory order overruling objections to parties, directing, permitting or refusing an amendment as to parties, or substitution or addition of parties, * * * is not appealable."

This, of course, is but a general observation, and of the numerous cases cited many are not analogous to the situation, because of different statutory provisions in other states. The following, however, are decided under statutory provisions so similar to those of Ohio as to be of value:

Miller v Hubbard et al (Mich.) 98 N.W. 390.

Ferguson v Ferguson et al, (S. C.) 64 S.E. 750.

Schoenhofen Brewing Co. v Giffey et al, (Ia.) 143 N.W. 1017.

Ray v Anderson, (Ga.) 43 S.E. 408.

Evans v Illinois Surety Co., 201 Ill. Ap. 578.

Howard v Citizens National Bank (Kan.) 192 Pa. 746.

We find no case in any jurisdiction which holds against the conclusion to which we have come.

The second ground of the petition, namely, error in overruling the motion to strike certain parts of the answer clearly is not a judgment under **Holbrook v Connelly, 6 Oh St 200.**

The motion to dismiss the petition in error will therefore be sustained.

KUNKLE, PJ, and ALLREAD, J, concurs.