## HOOKS *v.* PRINCE.

No. 7859. JANUARY 13, 1931.

*Hall, Grice & Bloch,* for plaintiff in error.

*C. C. Crockett, William Brunson,* and *Martin, Martin, Snow & Gillen,* contra.

RUSSELL, C. J. Mrs. J. Y. Prince filed an equitable petition against T. W. Hooks. At the return term an answer was filed by Hooks, which embraced a cross-action against the complainant and prayed for a monetary judgment on certain notes set forth in the cross-petition. Thereafter, on March 25, 1930, the defendant filed an amendment seeking, along with other relief, to have L. E. Prince made a party, and asking for certain equitable relief against him. On April 11, 1930, the defendant filed another amendment to his answer. Prince demurred to these amendments, and moved to strike them. On April 18, 1930, the court passed an order that the amendments be stricken. To this order Hooks excepted by bill of exceptions assigning error because he was legally and

equitably entitled to have Prince made a party to the case, and because the averments of the amendment stated a cause of action against Prince. The defendant in error moved to dismiss the writ of error, because: (1) The ruling complained of is the refusal of the court to allow the amendments to defendant's original answer, a ruling which is interlocutory, and the bill of exceptions is prematurely sued out, no final judgment having been rendered in the case. (2) Mrs. J. Y. Prince, the Sun Insurance Office Limited, and the Boston Insurance Company are not made parties to the bill of exceptions, and they are interested in sustaining the judgment of the court below.

It is well settled that all parties who are interested in sustaining the judgment of the court below should be named as parties defendant in a bill of exceptions seeking to review a judgment adverse to the plaintiff in error; but we shall not consider the record for the purpose of inquiring whether the parties named are or are not in fact interested in sustaining the judgment of the lower court, for the reason that we are of the opinion, that, no final judgment having been rendered in this case, the judgment of which complaint is made is nothing more than an interlocutory ruling, and that the bill of exceptions is prematurely sued out. The adjudication of the merits of a cross-action, or of amendments thereto by the defendant named in the petition, does not work a disposition of the entire case until the court has entered a final decree in favor of one or the other of the original parties. In the present case the judge did not dismiss the defendant's answer, or the cross-action as originally filed. He merely refused to allow an amendment introducing a new party. The defendant had the right to preserve exceptions pendente lite to this interlocutory ruling; but, as this court does not consider cases by piecemeal, the alleged error, not being conclusive or a final disposition of the case, was not subject to review until there was a final judgment of the lower court. The Civil Code (1910), § 6138, declares: "No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto; but, at any stage of the cause, either party may file his exception to

any decision, sentence, or decree of the superior court; and if the same is certified and allowed, it shall be entered of record in the cause; and should the case at its final determination be carried by writ of error to the Supreme Court by either party, error may be assigned upon such bill of exceptions, and a reversal and new trial may be allowed thereon, when it is manifest that such erroneous decision of the court has or may have affected the final result of the case." No doubt counsel for the plaintiff considered the judgment complained of as being final as to Prince, whom they claim to be a material party thereto. As we construe this section, had the decision been the opposite of what it is in the present case, Prince might have excepted had there been a final judgment as to him; but a final judgment as to him could not have resulted in the present instance, because he would only have been made a party to await a final disposition of the merits as written in the final judgment against him as a party. Therefore a judgment overruling the demurrer would have been premature as to him.

In *Turner* v. *Camp*, 110 *Ga.* 631 (36 S. E. 76), this court held: "While a defendant in an action may before its final termination bring to this court for review a decision overruling a demurrer to the plaintiff's petition, because the 'judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause,' such defendant can not, in a bill of exceptions sued out in such a case, properly except also to a decision striking his answer or a portion thereof." In rendering the unanimous opinion of the court, Mr. Justice Lewis said: "We do not think this court has jurisdiction to determine the second question raised by the bill of exceptions. The first question, had it been decided as contended for by plaintiffs in error, would have been a final disposition of the case, and hence they have a right under the Civil Code [1895], § 5526 [1910, § 6138], to have that question determined by this court. It appears from the record that the case below is still pending, and the ruling of the court in passing upon the demurrer to the plea, and in striking a portion thereof, was not a final disposition of the cause. It does not follow, because the bill of exceptions involves one question over which this court has jurisdiction, that we can consider other questions made therein which are prematurely brought here. *Mechanics' Bank* v. *Harrison*, 68 *Ga.* 463-5." In *Funk* v. *Browne*, 145 *Ga.*

828-9 (6) (90 S. E. 64), the court held: "Under former rulings of this court, where a defendant demurred to a petition and the demurrer was overruled, but had it been sustained the judgment would have finally disposed of the case, the judgment overruling such demurrer may be brought to this court by direct bill of exceptions. Civil Code, § 6138. But where a defendant excepted to such judgment, this did not authorize her to bring before this court for adjudication the sustaining of demurrers filed by the plaintiffs to an amended plea; nor did it authorize the plaintiffs to file a cross-bill of exceptions assigning error upon the judgment overruling certain general and special demurrers to a second answer filed by the defendant, and motions to strike it, 'and particularly the second paragraph thereof.'" In *Canuet* v. *Seaboard Air-Line Railway,* 128 *Ga.* 41 (2) (57 S. E. 92), it was held: "Where the only errors assigned in the bill of exceptions are the refusal of the court to allow certain amendments to the plaintiffs' petition in a case still pending in the court below, the writ of error is prematurely sued out, and this court is without jurisdiction to entertain the same." In *Jackson* v. *Green,* 68 *Ga.* 460, there was no motion to dismiss the case, but Chief Justice Warner, speaking for the court, said that "we are unwilling to establish the precedent of hearing cases brought here in violation of the express provisions of the statute, the more especially as there are quite as many cases brought to this court after the final termination thereof in the courts below as can be conveniently heard and disposed of within the time allowed by law for that purpose." In *Ray* v. *Anderson,* 117 *Ga.* 136 (43 S. E. 408), it was held that "The Supreme Court has no jurisdiction to pass upon an assignment of error complaining of the striking of an answer made in response to a rule to show cause why the legal representative of a deceased plaintiff should not be made a party plaintiff in the case, or of the granting of an order making the representative such a party, when there has been in the trial court no final judgment in the original case." In that case, as in the case at bar, there was a motion to dismiss the writ of error of plaintiff because the bill of exceptions was prematurely sued out, and no final judgment was rendered in the case; and in rendering the decision of the court Mr. Justice Fish said: "It would have required not only the refusal of the court to make a party plaintiff to the case, but also an order dismissing the case, to finally termi-

nate it," citing *Ross* v. *Mercer,* 115 *Ga.* 353 (41 S. E. 609) ; *State Life Association* v. *Kemp,* 115 *Ga.* 355 (41 S. E. 652). And so we say in this case, that it would have required, not only the refusal to make Prince a party defendant, but also an order dismissing the entire case, in order to finally terminate it. In *Clark* v. *Dallas Land Co.,* 141 *Ga.* 110 (80 S. E. 556), in which the American National Bank of Pensacola instituted suit on a promissory note against E. E. Clark, and Clark filed an answer which contained a prayer that the Dallas Land Company be made a party, that the contract for the sale of land be canceled and that the notes be surrendered and canceled, and the court upon demurrer dismissed so much of the answer as sought to make the land company a party, and the bill of exceptions assigned error upon this ruling, and it did not otherwise appear that the case was finally disposed of in the trial court, this court held that the refusal to make a stranger a party to the proceeding was interlocutory in its nature and a writ of error would not lie to such refusal, where there had been no final judgment in the case; citing *McConnell* v. *West,* 105 *Ga.* 468 (30 S. E. 654), and *Ray* v. *Anderson,* supra. So it is clear that the ruling upon the propriety of making one a party in a pending cause is merely interlocutory in character, and does not authorize a review of the judgment until there has been a final adjudication in the original action.

*Writ of error dismissed. All the Justices concur.*