## 23881. WRIGHT et al. v. MORRIS, administrator.

JENKINS, P. J. 1. An executor can not bind his testator's estate by his contracts, except such as are authorized by law or by the terms of the will. If he makes a contract which is in fact not thus authorized, he is individually liable. *Walton* v. *Reid,* 148 *Ga.* 176 (96 S. E. 214) ; *Harris* v. *Woodard,* 133 *Ga.* 104 (2) (65 S. E. 250.). Whatever may have been the rule prior to the adoption by this State of the negotiable-instruments law, as to what language in the body of the instrument or accompanying the signature would constitute a disclosed purpose and intent by the party executing it to bind the estate and not himself as an individual (see, in this connection, *Printup* v. *Trammel,* 25 *Ga.* 240, 242; *Lovelace* v. *Smith,* 39 *Ga.* 130, 133; *McFarlin* v. *Stinson,* 56 *Ga.* 396, 398; *Glisson* v. *Weil,* 117 *Ga.* 842, 843 (45 S. E. 221) ; *Peck* v. *Watson,* 165 *Ga.* 853, 863, 864 (142 S. E. 450, 57 A. L. R. 560), under the explicit provision of section 20 of the negotiable-instruments law (Park's Code, § 4269 (20) ; Michie's Code, § 4294 (20) ), "where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized." The provisions of this section of the Code are applicable to executors representing

estates. Beutel's Brannan's Negotiable Instruments Law, 272. Accordingly, where the signatures on a negotiable instrument are followed by the words "as executors of the estate of" a named deceased person, the instrument, under the rule of the negotiable-instruments law, will be taken as indicating an intention to contract for and on behalf of the estate in a representative capacity, and not as individuals; and consequently, in a suit on a note brought against parties not in the capacity in which they signed, "as executors," but against them as individuals, the petition, in order to bind them as individuals, should allege, either originally or by amendment after demurrer, that they were not duly authorized by the terms of the will to act as they purported to act for the estate. It was therefore error to deny the motion of the defendants to dismiss the petition brought against them as individuals, where it was not set forth either originally or by amendment that they were without authority, under the terms of the will, to bind the estate.

2. The fact that the suit was originally brought against the defendants as executors in their representative capacity, and that a judgment was rendered sustaining the executors' demurrer to the petition as then brought, and ordering that the case proceed against them as individuals, would not preclude the defendants as individuals, when thus subsequently sued, from moving to dismiss the amended petition, since the former adjudication in the proceeding against the estate was not an adjudication binding the defendants as individuals. Although, under the provisions of the Civil Code (1910), § 5690, "in an action by or against an executor, administrator, or other representative, the declaration may be amended by striking out the representative character of such plaintiff or defendant," the person sued in his representative capacity is not a party to the case as an individual until after such an amendment.

3. "Until there has been in the trial court a judgment finally disposing of a case, this court is without jurisdiction to entertain a complaint that error was committed by the trial judge in striking, on demurrer, portions of the defendant's answer." *Fugazzi* v. *Tomlinson*, 119 *Ga.* 622 (46 S. E. 831); *Vanzant* v. *First National Bank*, 164 *Ga.* 773 (2, a) (139 S. E. 537). "While a defendant in an action may before its final termination bring to this court for review a decision overruling a demurrer to the plaintiff's petition because 'the judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause,' such defendant can not, in a bill of exceptions sued out in such a case, properly except also to a decision striking his answer or a portion thereof." *Turner* v. *Camp*, 110 *Ga.* 631 (2), 632 (36 S. E. 76); *Cox* v. *Hardee*, 135 *Ga.* 81 (5) (68 S. E. 932); *Hooks* v. *Prince*, 171 *Ga.* 688, 690, 691 (156 S. E. 683); *Ray* v. *Anderson*, 117 *Ga.* 136 (43 S. E. 408). The rights of the defendant in such cases must be preserved by exceptions pendente lite until final judgment, as appears to have been done in the instant case. Motions to dismiss petitions for want of a cause of action or to strike defenses for defects of substance, under the Civil Code, § 5629, being in the nature of general demurrers (*McCook* v. *Crawford*, 114 *Ga.* 337 (3), 339, 40 S. E. 225; *Cooper* v. *Chamblee*, 114 *Ga.* 116 (2) 39 S. E. 917; *Ivey* v. *Rome*, 129 *Ga.* 286, 289 (2), 58 S. E. 852; *Mayor &c. of Cordele*

v. *Williams*, 7 *Ga. App.* 445 67 S. E. 116), on a bill of exceptions by the defendants to a judgment overruling their motion to dismiss the petition, their exceptions to the granting of the plaintiff's motion to strike portions of their answer can not be considered.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED NOVEMBER 24, 1934.

*Wright & Covington,* for plaintiffs in error.
*M. B. Eubanks, John W. Bale,* contra.