### 26748. COOLEDGE *v.* CASEY.

DECIDED JUNE 29, 1938.

*F. M. Bird,* for plaintiff in error.
*King, Hitz & Partridge,* contra.

FELTON, J. Clyde Casey filed an action against A. H. Cooledge on a judgment reviving a dormant judgment rendered in the State of Alabama. The petition alleged the rendition of the original judgment, a duly authenticated copy of which was attached; that a motion to revive the judgment was filed in the Jefferson County circuit court; that, in addition to being properly served and made a party in said revivor proceeding, Cooledge appeared and filed his motion to quash, motion to dismiss, and his plea and answer, and had his day in court; and that a judgment of revivor was duly rendered, an authenticated copy being attached to the

petition. Attached as a part of the exhibits setting forth the two judgments are the petition and pleadings in the motion to revive in the Alabama court. The motion alleges that Cooledge was a non-resident of Alabama and a resident of Georgia, and the entries of service show that service was attempted by mail only. The exhibits also show that a motion was first filed by Cooledge to quash the service because it was not personal. (Let it be noted here that there is no allegation in the plaintiff's petition in Fulton superior court to the effect that this motion was abandoned, or that the jurisdiction of the Alabama court was waived by Cooledge.) The exhibits further show other special pleas and a general answer later filed by Cooledge in the Alabama court. It is further shown that the judge of the Alabama court rendered a final judgment against Cooledge, prefaced by the following words: "On this the 12th day of July, 1937, the motion to revive judgment herein coming on to be heard, came the parties by their attorneys, and said motion is agreed and submitted to the court, and the same having been fully considered and understood by the court," etc. Cooledge filed demurrers setting out that the original judgment was obtained more than five years before the suit thereon in Georgia; and that the revivor judgment was void, because it was obtained without personal service on the defendant and without his voluntary appearance. These demurrers were overruled, and a general demurrer to his answer was sustained. He excepted to these rulings.

■ This is a suit on a revived judgment. If the petition had simply alleged the rendition of the judgment, it would not have been subject to general demurrer. It did not stop with that, but set forth the entire proceedings upon which the judgment was based. The judgment roll attached to the petition shows: (1) that the defendant was a non-resident of Alabama; (2) that the notice, the only service in the case, was by mail; (3) that a motion to quash the service was first filed; (4) that later other special pleas and a general answer were filed; that the court in Alabama rendered a final judgment without specifically ruling on the motion to quash. Unless the defendant waived the lack of jurisdiction of his person, the judgment of revival is void. Owens v. Henry, 161 U. S. 642 (16 Sup. Ct. 693, 40 L. ed. 837). One of three things occurred. The Alabama court impliedly ruled against

the motion to quash, by ruling on the merits and reviving the judgment; or it ignored it over the protest of the defendant; or the parties went to trial on the merits without calling the court's attention to the motion to quash, the effect of which would have been a waiver by the defendant of the jurisdictional question. This court will presume that one of the first two possibilities is the truth of the case. No waiver appears in the record, and will not be presumed, especially when no valid default judgment could have been rendered against the defendant. If the plaintiff can allege and prove a waiver, his case will be different from what it now is. In the absence of a waiver of the jurisdiction of his person, the Alabama court did not and could not have jurisdiction to render the judgment, even if it adjudged that it did have, when the record itself shows that the court did not have, jurisdiction of the person of the defendant. Wright v. Boynton, 37 N. H. 19; Jones v. Jones, 108 N. Y. 415 (15 N. E. 707, 2 Am. St. R. 447). It is true that in some cases a non-resident defendant has a choice of contesting the jurisdiction of a foreign court, either in that court or in defense of a suit on the judgment in the foreign court. See Hall v. Wilder Mfg. Co., 316 Mo. 812 (293 S. W. 760, 52 A. L. R. 723), and annotations in 52 A. L. R. 730, 740, and 80 A. L. R. 716, 719. An examination of these cases will reveal that in such contests of jurisdiction there was adjudicated some question of fact which was a question for judicial determination, and which either court had jurisdiction to decide; such as whether a foreign corporation had an agent and was doing business in the foreign State where it was sued, or whether a non-resident, sued in a foreign State and personally served, was exempt from service for some legal reason. In such cases as the above, when the non-resident contests the jurisdiction of the foreign court in the foreign court, he is bound by the adjudication for or against him. In such cases if the ruling is against him, and incorrectly so, he is nevertheless bound, as his appearance estops him to complain of a decision which he was bound to know might be in his favor as well as against him by reason of an error. No court, at any time, anywhere, can render a valid judgment against a person of whom it has no jurisdiction, unless he waives it. *In this case there has been no adjudication by the Alabama court to the effect that the defendant waived the jurisdictional question or abandoned his mo-*

*tion to quash.* If there had been, our decision might be different. Even if this defendant submitted the question of jurisdiction to the Alabama court, unless he waived it the court had no right to say that it had jurisdiction, for the reason that the motion to revive the judgment showed on its face that the defendant was a non-resident of Alabama and the judgment roll in Fulton superior court does not affirmatively show that jurisdiction was waived. In the status of the record it is the same as if the court had expressly ruled against the motion to quash, and had proceeded to render final judgment on the merits.

It might be argued that it is inferable from the fact that the motion to quash was not expressly passed on that it was abandoned and the jurisdiction thereby waived. It seems to us to be more reasonable to say that the judge did his duty in considering the motion first, and, having decided against it, impliedly so ruled in granting the motion to revive, or ignored it over the protest of the defendant. No Alabama law is pleaded to the effect that a special appearance is a submission to jurisdiction for all purposes, as was true in Jones *v.* Jones, supra. Some States have such a rule, which is valid; but this court can not presume that it exists in Alabama. From the judgment roll itself we are of the opinion that the Alabama court did not have jurisdiction of the person of the defendant, and was powerless to render a valid judgment against him; and that he may properly raise such a question in the present suit. In these circumstances it was error for the court to overrule the general demurrer to the petition. A great deal of argument is made by the attorneys for the defendant in error, to the effect that the plaintiff in error prevailed in a first trial in the Alabama court, and failed to except to the ruling on jurisdiction by cross-bill of exceptions. Neither this trial nor the judgment of the Supreme Court of Alabama is pleaded, and no notice can be taken by this court of the first trial or of the appeal, in the absence of proper allegations in the suit on the judgment or reference to the records of such in the judgment roll. *Bolton* v. *Bluestein,* 55 *Ga. App.* 782 (191 S. E. 388), and cit.

█ An assignment of error on a judgment striking an answer can not be made in a bill of exceptions assigning error on a judgment overruling a general demurrer to a petition. *Wright* v. *Morris,* 50 *Ga. App.* 196 (3) (77 S. E. 365). Under the peculiar

facts of the case, leave is granted to treat and consider as exceptions pendente lite, the official copy of the bill of exceptions assigning error on the striking of the answer of the defendant.

*Judgment reversed. Sutton, J., concurs. Stephens, P. J., dissents.*