34640. ROBERSON *v.* LIBERTY NATIONAL BANK & TRUST COMPANY OF SAVANNAH.

272

DECIDED MAY 15, 1953—REHEARING DENIED MAY 27, 1953.

*Myrick & Myrick,* for plaintiff in error.

*Lawton & Cunningham, John B. Miller,* contra.

CARLISLE, J. ■ It is alleged in the petition that, beginning in January 1949, the plaintiff bank made loans to G. E. deVries Trading Company, Inc., at the request of G. E. deVries and Melvin T. Roberson, and upon the personal endorsement of Roberson. Later G. E. deVries sought to borrow money for the company on notes of the company, secured by warehouse receipts, but the plaintiff bank refused to make such loans, unless the notes were guaranteed by a responsible person. Therefore, on November 1, 1950, in order to secure additional credit for the company, G. E. deVries and Roberson, individually and personally, contracted in writing to guarantee the repayment of such loans by writing the following letter to the bank on the stationery of the company: "In connection with your granting of 80 percent loans on warehouse receipts, covering shipments and storage of glass, to the above company, I hereby guarantee the fulfillment of these transactions in case of any difficulties." In reliance on the guaranty agreement, the plaintiff bank on November 21, 1950, made the first of a series of loans to the company, secured by warehouse receipts for glass. As is the trade custom and practice, known to all the parties, these loans were evidenced by notes and were renewed periodically with debits for additional loans and credits for payments. The defendants had notice of these loans and of the fact that they were made in acceptance of and in reliance on their contract of guaranty. Upon the maturity of the notes and the company's refusal to make payment, the defendant guarantors were notified and demand was made of them for payment. They refused to make payment, and the plaintiff bank, in a suit against the company on the notes, obtained judgment thereon. A fi. fa. was issued on the judgment and the property securing the notes was levied upon and sold. The proceeds from such sale were applied on the original indebtedness, but there still remained an unpaid balance due of $8,018.32. Due search was made by the deputy sheriff for additional property of the company and, finding none, he made an entry of nulla bona on the fi. fa. The plaintiff bank

again made demand upon the guarantors for payment, and, upon their refusal to pay, entered the present suit against them.

Counsel for the defendant Roberson contends that the alleged guaranty is so vague, indefinite, and uncertain as to be incapable of enforcement; that, if the alleged guaranty meant anything, it was that the parties intended that the security should be exhausted before any attempt was made to have the company or the alleged guarantors pay anything, and the petition does not allege that the plaintiff bank had, with the assistance of the company, exhausted these securities; and the alleged guaranty is without consideration, for which reasons the trial court erred in overruling the general demurrer. We find ourselves unable to agree with any of these contentions.

The contract is not so vague, indefinite, and uncertain as to be incapable of enforcement. While it is true that, standing alone, the letter signed by deVries and Roberson is ambiguous, yet, viewed in the light of the attendant circumstances under which the letter was given, the intention of the parties is easily ascertainable. The bank had been making loans to the deVries Company. It refused to make any further loans unless a responsible guarantor was secured. Devries and Roberson chose to act as such guarantors, and in reply to the request wrote the letter to the bank. The loans were made upon the faith of the letter following the receipt of the letter by the bank. We think it is clear, therefore, that the import of the language in the letter is that, if the bank would make the loans, the guarantors would see that the loans were fulfilled—that the loans were repaid. Under the circumstances under which the letter was written, it constituted a continuing guaranty of the loans as they were made after the receipt of the letter. On the question of the adequacy of the consideration, see *Rawleigh Co.* v. *Salter,* 31 *Ga. App.* 329 (120 S. E. 679), and citations. The trial court did not err in overruling the general demurrer to the petition.

■ The assignments of error on the judgment overruling the special demurrers to the petition are treated as abandoned, as they have not been argued orally or in the briefs, nor generally insisted upon.

■ "An assignment of error on a judgment striking an answer can not be made in a bill of exceptions assigning error on a

judgment overruling a general demurrer to a petition. *Wright v. Morris,* 50 *Ga. App.* 196 (3) (77 S. E. 365)." *Cooledge v. Casey,* 58 *Ga. App.* 134, 137 (2) (198 S. E. 96); *Fugazzi v. Tomlinson,* 119 *Ga.* 622 (46 S. E. 831); *Vanzant v. First National Bank,* 164 *Ga.* 772 (2 a) (139 S. E. 537); *Turner v. Camp,* 110 *Ga.* 631 (2), 632 (36 S. E. 76); *Cox v. Hardee,* 135 *Ga.* 80 (5) (68 S. E. 932); *Hooks v. Prince,* 171 *Ga.* 688, 690 (156 S. E. 683); *Ray v. Anderson,* 117 *Ga.* 136 (43 S. E. 408). The judgment sustaining the plaintiff's demurrers to the defendant's answer and striking certain of his affirmative defenses will not, therefore, be reviewed by this court at this stage in the proceedings.

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*

### ON MOTION FOR REHEARING.

CARLISLE, J. Under the peculiar facts of the case, brought to our attention in the motion for rehearing, leave is granted to treat and consider as exceptions pendente lite the official copy of the bill of exceptions assigning error on the striking of the answer of the defendant.

*Gardner, P.J., and Townsend, J., concur.*