**JAMES TALCOTT, Inc.**
v.
**FULLERTON COTTON MILLS,**
Inc. et al.
**No. 14619.**

United States Court of Appeals
Fifth Circuit.

Nov. 10, 1953.

Thomas B. Branch, Jr., Arnold S. Kaye, Atlanta, Ga., for appellant.

Henry N. Payton, Myer Goldberg, Newnan, Ga., for appellees.

Before HUTCHESON, Chief Judge, and RUSSELL and RIVES, Circuit Judges.

RIVES, Circuit Judge.

The District Court rendered judgment for the plaintiff, James Talcott, Inc., against the corporate defendant, Fullerton Cotton Mills, Inc., but held that plaintiff was not entitled to recover against the individual defendants, A. L. Fuller and A. L. Fuller, Jr. Review of the latter ruling is the purpose of this appeal.

James Talcott, Inc. charged back to Fullerton Cotton Mills, Inc., certain accounts which it had purchased under the terms of a written contract. The individual defendants, sought to be held liable for the accounts by reason of an alleged contract of guaranty, contended that the guaranty contract contained no subject matter upon which it could operate in that the name of the client or the account to be guaranteed was omitted. The District Court found the facts as follows:

"Findings of Fact.

"It is admitted that plaintiff purchased from the defendant, Fullerton Cotton Mills, Inc., the accounts here sued for. The evidence, without dispute, also shows that the accounts have not been paid. The evidence, without dispute, also shows

that the customers refused to pay each of the accounts because they contended that delivery had not been made or because they contended that the goods delivered were defective.

"The so-called contract of guaranty executed by A. L. Fuller, Sr., and A. L. Fuller, Jr., is in the following form:

" 'James Talcott, Inc.
    New York, N. Y.
" 'Dear Sirs:
" 'In order to induce you to enter into an agreement dated ...... with ...... (hereinafter referred to as the client) and/or to continue under your present agreement with said client and in consideration of your so doing, the undersigned agrees to be liable jointly with said client, its successors and assigns and severally to you for the due performance of all the client's contracts and agreements with you  *  *  *.
        " 'A. L. Fuller,        (L.S.)
            A. L. Fuller, Jr.
" 'Witness as to all signatures.
        " 'Martha Bonner,
            Notary Public State at
            Large.
" 'Dated April 10, 1951'

"The above document is printed, except for signatures and dates, and is printed on the same paper as the contract between Fullerton Cotton Mills, Inc., and James Talcott, Inc., which contract is executed by Fullerton Cotton Mills, Inc., by its president A. L. Fuller, on the same date as the above, with the same witness, and it is apparent that the so-called contract of guaranty was delivered to James Talcott, Inc., along with the contract between Fullerton Cotton Mills, Inc., and plaintiff.

"This contract was executed at, or about the same time as the contract between Fullerton Cotton Mills and plaintiff was executed and is in a printed form appearing on the same sheet with such contract.

However, the leaving of the blank spaces in the contract was discussed at the time between A. L. Fuller, Jr., and one James Knowles, the agent of James Talcott, Inc., and the contract form was left blank intentionally by the parties to the contract and it was not the intention of the parties to the contract to insert the name of Fullerton Cotton Mills, Inc., as the client in the purported guaranty contract."

In its conclusions of law, the District Court sustained the contention of the individual defendants, saying in part,

"The foundation of the suit being the contract, it must be a valid subsisting contract between the parties thereto, and for the benefits of the plaintiff, and not such a one as is made by the Courts for them. It is the duty of the Courts to construe and enforce contracts as made, and not to make them for the parties. Gray v. Aiken, 205 Ga. 649 [54 S.E. 2d 587].

"While under the law of this State the delivery of a contract by the persons executing it to the opposite party, which contract contains blanks, may impliedly confer upon the opposite party the right to fill in the blanks in the contract, in accordance with the intention of the parties, yet where, as here both parties were present or represented and the blanks were intentionally left in the contract by and with the consent of both parties, no such implied authority was conferred upon plaintiff, and even if such authority had been conferred upon plaintiff, it was not exercised and the suit was filed upon the purported contract in its present state without the blanks having been filled in.

"Under the circumstances of this case the plaintiff is not entitled to recover against the individual defendants, A. L. Fuller, Sr., and A. L. Fuller, Jr., since the so-called contract of guaranty is void for lack

of a subject matter upon which it can operate."

We do not at all agree.

"The fact that a sufficiently exact meaning can be ascertained only by considering admissible evidence of extrinsic facts does not render the agreement invalid for indefiniteness. The maxim 'id certum est quod certum reddi potest' applies. An agreement need not contain definitely and specifically every fact in detail to which the parties may be agreeing; it is sufficient if the phrases can be made certain by proof." 12 Am.Jur., Contracts, Sec. 65.

"Nor is it necessary that a contract shall state definitely and specifically all facts in detail to which the parties may be agreeing, but as to such matters it will be sufficiently definite and certain if it contains matter which will enable the courts, under proper rules of construction, to ascertain the terms and conditions on which the parties intended to bind themselves. That is certain which may be made certain. 6 R.C. L. 645, § 59; 12 Am.Jur. 560, § 69; Southwest Pipe Line Co. v. Empire Natural Gas Co., 8 Cir., 33 F.2d 248, 64 A.L.R. 1229, 1234." Dorsey v. Clements, 202 Ga. 820, 44 S.E.2d 783, 787, 173 A.L.R. 509.

See also Roberson v. Liberty National Bank & Trust Company of Savannah, 88 Ga.App. 271, 76 S.E.2d 522.

Absent contrary convincing circumstances, the presumption is that parties to a transaction did not intend their act to be devoid of purpose or meaning. While the date of the factoring agreement, April 10, 1951, and the name of the client, Fullerton Cotton Mills, Inc., were not physically inserted into the guaranty agreement, the circumstances surrounding the transaction are such as to show beyond all reasonable question that April 10, 1951 was the date and Fullerton Cotton Mills, Inc. was the client referred to in the guaranty.[1]

The judgment is, therefore, reversed and the cause remanded with directions to enter judgment for the plaintiff against the individual defendants, as well as against the corporate defendant.

Reversed with directions.

RUSSELL, Circuit Judge (specially concurring).

The vice in the judgment of the trial court stems from the failure of the court in its findings to give effect to the rule of law that a party signing an otherwise enforceable agreement will not generally be heard to assert that such agreement was not intended to have any legally binding effect. Contracts can not thus be voided. The court had theretofore properly recognized this rule by rejecting the evidence of one of the individual defendants that plaintiff's agent said the signing "was merely a formality * * * and he assured me that they would (never) bother us in any way, so with those stipulations and walking with him we signed the thing * * *." On the other hand, as required by the rule that parties are presumed to intend to be, and are, bound by their signed agreements, and the policy of the law which

1. There was certainly no doubt in the minds of the guarantors. A. L. Fuller did not testify. The testimony of A. L. Fuller, Jr. was in part as follows:

"Q. At the time you signed this you knew the contract that this referred to was the James Talcott, Inc. contract? A. Oh, I knew what it was, but I didn't think I was bound by it, not being in there, to tell you the truth.

"Q. Yes. Said, 'In order to induce you to enter into an agreement dated blank with blank (hereinafter referred to as the "Client") and/or to continue under your present arrangement'. Now, you knew that had reference to the James Talcott, Inc. contract which had been executed? A. Oh, well, it was the same page and everything.

"Q. Yes. You knew what it referred to? A. I knew that, but I didn't expect to be bound—

"Q. You thought the effect of it was not to bind you? A. Yes, sir, I did.

"Q. All right."

requires that all attendant and surrounding circumstances be considered in determining the extent of liability assumed by the signer of a contract, some portion of which is left blank, the facts here show that it was well understood that the guaranty agreement had reference to the factoring agreement. The guaranty agreement was attached to, and physically a part of, the factoring agreement. They were a part of the same transaction. Indeed, under the circumstances, it could not reasonably be said to relate to any other matter, and no such contention was even presented. Consequently, there being no proper evidence or basis upon which the guarantors could escape liability and, on the contrary, the guaranty instrument and the contract as a whole being sufficient to evidence the guarantor's liability, judgment should have gone against the individual defendant.