36341.   WILLIAMS *et al. v.* McKENZIE.

Decided February 22, 1957—Rehearing denied
March 15, 1957 and March 28, 1957.

*A. C. Felton, III*, for plaintiffs in error.

*J. J. Brewer, Jared Bull, Davis & Friedin*, contra.

QUILLIAN, J. ■ In this case the plaintiffs in error, Louis Williams and Leslie Williams, will be referred to as the defendants, and the defendant in error, Ed. M. McKenzie, will be referred to as the plaintiff, the parties having occupied those respective positions in the trial court.

The judgments of the trial court which the bill of exceptions brings to this court for review are: The judgment overruling the demurrer to the petition as originally drawn; the judgment allowing the amendment to the petition; the judgment striking the plea of res judicata; and the judgment sustaining the demurrer to the cross-bill.

The demurrer to the petition raised the single question whether its allegations disclosed the basis upon which the plaintiff arrived at the sum of $4,500, the amount he sought to recover. The defendants argue that, in view of the fact that there had

been a rental contract for the year 1953, they were entitled to be informed by the petition whether the sum sued for was based upon the rental price fixed by the expired contract or whether it was measured by what the plaintiff considered the occupancy of the premises reasonably worth or whether it represented double the yearly rental value of the farm. There was no intimation in any allegation of the petition that the suit was for double rent. Under the law the amount sued for could not have been fixed by the expired rental contract. *Williams* v. *Bernath,* 61 *Ga. App.* 354 (6 S. E. 2d 184). So from the averments of the petition it clearly appears that the $4,500 was the sum that the plaintiff thought was reasonable compensation for the occupancy of the farm.

■ The second question presented by the bill of exceptions is whether the amendment to the petition should not have been allowed because it set up a new cause of action. We have construed the petition to set forth a cause of action for the occupancy of rented premises after the expiration of the rental contract. The amendment undertook to set up in lieu of the cause originally declared on a cause upon an implied contract to pay rent. The gravamen of the first cause as set up in the petition was the wrongful occupancy of another's property, while the essence of the second action alleged in the amendment was the occupancy of property with the implied consent of its owner. The first action sounded in tort, the second was a suit upon a contract. The conclusion is inescapable that the amendment set up a new cause of action, and was erroneously allowed.

While the plaintiff in the first instance could have waived the tort, treated the defendants as his tenants and sued upon their implied obligation to pay him rent if he had so elected (*Ridgway* v. *Bryant,* 8 *Ga. App.* 564, 70 S. E. 28; Code § 105-105), he did not choose that option, and having once sued in tort, the action could not thereafter be changed to a suit on the implied contract. *Beard* v. *Beard,* 197 *Ga.* 487 (2) (29 S. E. 2d 595).

It has been held that where the petition is ambiguous in that it does not definitely disclose whether the cause asserted is ex contractu or ex delicto, it will ordinarily be construed as sounding in tort. *Aiken* v. *Southern Ry. Co.,* 118 *Ga.* 118, 120 (44

S. E. 828, 62 L.R.A. 666, 98 Am. St. R. 107). It is well established that where the nature of the cause declared upon does not clearly appear from the petition, it will be construed as will best serve the interest of the pleader. *Payton* v. *Gulf Line Ry. Co.,* 4 *Ga. App.* 762 (2) (62 S. E. 469) ; *Southern Express Co. v. Pope,* 5 *Ga. App.* 689 (2) (63 S. E. 809). We mention the foregoing rules because they are relied on by counsel. Neither of them is applicable to the facts of this case.

The defendants earnestly contend that the petition is ambiguous as to the nature of the cause of action it undertakes to set forth because, after relating the basic facts upon which the defendants became liable to the plaintiff, namely that they held possession of his farm after the expiry of the rental contract, it alleged that for that reason the defendants were "indebted" to him in a stated sum. These are instances in which the words "debt" and "claim for damages" denote entirely different things. *Campbell* v. *Atlanta Coach Co.,* 58 *Ga. App.* 824 (200 S. E. 203) ; and in other circumstances they are held synonymous, *Jones* v. *Womack,* 53 *Ga. App.* 741, 742 (187 S. E. 285). In *Chavala Cooperative* v. *Hortman,* 93 *Ga. App.* 505 (3) (92 S. E. 2d 236), this court held the word "debt" in its general sense means a specific sum which one owes to another, and in *Georgia Power Co.* v. *Davis,* 43 *Ga. App.* 791, 792 (160 S. E. 690) that the meaning of the word "debt" does not embrace liability for tort. But where, as in the petition in this case, it is alleged that the defendants are indebted to the plaintiff on account of wrong done him, and no other basis, the word must be construed in context to mean "liable," and the allegation is in effect an averment that the defendant is liable to the plaintiff. The demurrer to the petition previously referred to was construed to raise only the question as to the basis on which the plaintiff arrived at the sum sued for. Had the demurrer attacked the petition on the ground that it did not disclose whether the action was one ex contractu or one ex delicto, the defendants would have been committed to the proposition that the petition was ambiguous in that respect, and could not have complained that the amendment changed the nature of the cause of action from a tort action to a suit on implied contract. *Raines* v. *Rice,* 65 *Ga. App.* 68, 73 (15 S. E. 2d 246).

378

■ In *Cooledge* v. *Casey*, 58 *Ga. App.* 134, 137 (198 S. E. 96), this court held: "An assignment of error on a judgment striking an answer can not be made in a bill of exceptions assigning error on a judgment overruling a general demurrer to a petition. *Wright* v. *Morris*, 50 *Ga. App.* 196 (3) (77 S. E. 365)." It follows that the assignment of error on the striking of the plea of res adjudicata cannot in this case be made in the bill of exceptions assigning error on the judgment overruling the general demurrer to the petition.

■ In *White* v. *Chisolm*, 160 *Ga.* 177 (127 S. E. 140) it is stated: "The judgment of the court below sustaining the demurrer of the plaintiff to the counter-petition or cross-action filed by the defendant can not be reviewed by direct bill of exceptions prior to the final disposition of the plaintiff's case in the court below. *Knights of The Klu Klux Klan* v. *Terrell*, 155 *Ga.* 374 (116 S. E. 793) ; *Bellinger* v. *Eblin*, 158 *Ga.* 657 (124 S. E. 137)." There being no final disposition of the present case, the assignment of error on the sustaining of the plaintiff's demurrer to the cross-bill is premature, and this court is without jurisdiction to pass upon it at this time.

*Judgment affirmed in part and reversed in part. Felton, C. J., and Nichols, J., concur.*