## DECATUR BANK AND TRUST COMPANY *v.* NAPIER.

The court erred in overruling the demurrer to the petition, and in granting the mandamus absolute.

No. 3098.          JUNE 16, 1922.

Mandamus. Before Judge Hutcheson. DeKalb superior court. February 4, 1922.

George M. Napier filed a petition alleging that subsequently to his retirement from the office of solicitor-general of the Stone Mountain Circuit, January 1, 1921, the Decatur Bank and Trust Company had collected the fees earned by the solicitor-general's office from January 1 to December 3, 1921, including various items of costs aggregating a named sum, which under the law are due to petitioner; and that this bank is by law subrogated to the rights of petitioner to such funds. He prayed that the defendant be required by the writ of mandamus to pay to him the sum claimed. The defendant filed an answer, admitting the collection of moneys as alleged, but asserting that the same belonged to the County of DeKalb, and denying that petitioner was entitled to any portion of the same. The petition was demurred to upon the ground that payment to plaintiff of the costs claimed by him " would be in violation and contrary to the act of the General Assembly of Georgia, approved August 19, 1918, which abolished the fees of the solicitor-general in the superior courts of Stone Mountain Circuit, and placed the solicitor-general upon a salary, and which provides in section 3 : ' In the distribution among officers of court of all costs, both in particular cases or matters, and all insolvent costs and all fines, forfeitures and fees paid into the superior courts of the counties composing said judicial circuit, or which may become due and payable therein, the said counties shall be subrogated to the rights and claims of the solicitor-general of said circuit, and any former solicitor-general, and shall stand in their places and stead, and shall be entitled to all funds, moneys, and

emoluments accruing to said office in said judicial circuit; and hereafter when orders on the insolvent fund or other judgment or finding are entered or approved in behalf of other officers of court, instead of the same being entered and approved in the name of the solicitor-general, as under the present system, the same shall be entered and approved in the name of the solicitor-general for use and benefit of the respective counties of said circuit. All costs, both in particular cases or matters, and all insolvent costs and all fines, forfeitures, and fees, and all funds, moneys, and emoluments accruing to the office of solicitor-general in said judicial circuit under any laws heretofore or now existing or which may hereafter be enacted, shall be collected by the clerks of the superior courts of the various counties composing said judicial circuit, and shall be paid by said clerks into the treasuries of their respective counties; all of which said sums shall be the property of said counties; that is to say, all sums collected from any and all cases or matters arising in any particular county shall be paid by said clerk into the treasury of that county, and shall become the property of such county."

The demurrer was overruled, and mandamus absolute granted as prayed. Error is assigned upon that judgment.

*L. J. Steele*, for plaintiff in error.

*Charles W. Smith* and *Hendrix & Buchanan*, contra.

GILBERT, J. The decision in this case is controlled by the case of *Wall* v. *Morris*, 149 *Ga.* 632 (101 S. E. 683). The only issue, as shown by the statement which precedes the opinion, is whether fines and forfeitures paid into court since the act approved August 19th, 1918, which abolished the fee system as compensation for office of solicitor-general of the superior courts of the Stone Mountain Circuit, are subject to the judgment liens of the petitioner, who was a former solicitor-general. In the case above mentioned Presiding Justice Beck, speaking for the court, said: " While it is true that for his insolvent costs the solicitor-general had the judgment provided in the law and in a certain sense a lien upon fines and forfeitures which were to be paid subsequently into court, this lien was imperfect and inchoate in its character, and could not become an actual perfect lien until the fines should be paid into the fine and forfeiture fund; and it was not of such nature as to give the holder a property right in the fines and forfeitures that

should subsequently arise in cases not tried or disposed of." This ruling does not give to the act of 1918 a retroactive effect. If the act had undertaken to nullify or affect the legality of the judgments for costs obtained by the solicitor-general, it would have been open to that criticism. The act of 1918 otherwise disposes of the fines paid into court, diverting them from the fine and forfeiture fund to the general fund. The fund which the petitioner sought to subject to his judgments had never been paid into the fine and forfeiture fund. Upon the contrary it was held by the Decatur Bank and Trust Company, acting as treasurer of DeKalb County, as a part of the county's general fund. It was error to overrule the general demurrer and to grant the mandamus absolute. *Judgment reversed. All the Justices concur.*