### 21454.   HICKS, sheriff, *et al.* v. BIBB COUNTY.

DECIDED JANUARY 12, 1932.

*Hall, Grice & Bloch,* for plaintiffs in error.
*James C. Estes,* contra.

LUKE, J.   Bibb County sued J. R. Hicks, sheriff of said county, and the surety on his bond, for certain money received by said sheriff from insolvent funds, which funds were paid into the city

court and superior court from fees, forfeitures, etc., credited to the insolvent fund, and distributed under orders on the insolvent fund to the officers of those courts after January 1, 1926. Defendants demurred to the petition, the demurrer was overruled, and on this ruling they assign error. Defendants excepted also to the sustaining of the plaintiff's demurrer to the answer, but, under the ruling in *Turner* v. *Camp*, 110 *Ga.* 631 (36 S. E. 76), this latter ruling will not be passed upon. The controlling issue is whether the sheriff had a lawful right to share in the insolvent fund after January 1, 1926. It is the contention of the county that where a fine was paid after January 1, 1926, in a case that started before January 1, 1926, the sheriff had the right to receive his fee for services rendered in that particular case prior to January 1, 1926, but that the remainder of the fine should not go to the insolvent fund for the benefit of officers of the courts, but should be for the benefit of the county; that the insolvent fund, whether in cases originating before or after January 1, 1926, is not the property of the officers of the court.

This case is settled by the act of the General Assembly approved August 13, 1924 (Ga. L. 1924, p. 90), which changes the compensation of the sheriff and certain other officers in counties of a designated population from the fee system to the salary system after January 1, 1926. Section 8 of the act provides that "The salaries of the various officials herein fixed shall be their *sole compensation* [italics ours], and all fees accruing after January 1, 1926, are hereby abolished so far as the same constitutes the compensation of said officers." The portion of the act referring to moneys which shall go to the counties includes costs, *insolvent costs,* fines, forfeitures, and fees, while the portion of the act referring to money which shall be paid to the officers for past services includes fees, cost, percentages, forfeitures, and penalties, and does not include or make reference to insolvent costs. This portion of the act which refers to fees going to officers for past service provides that "All fees, cost, percentages, forfeitures, and penalties which have accrued at the time this act becomes effective and to which any officer named herein is entitled and which remains uncollected at the time this act goes into effect, shall *when collected* (italics ours) be paid to the officer entitled to the same." But the fee in any particular matter is to be paid "when collected," and there is nothing in the

act to authorize payment to an officer, for his own benefit, of fees not collected, nothing providing for payment to them of insolvent costs. In other words, if the sheriff earns an arresting fee of $3 in 1925, and on January 2, 1926, the defendant is convicted and a fine of $50 is collected from him in that case, the sheriff may retain for himself the fee of $3 which had accrued in that case prior to January 1, 1926, since the collection was made, but there is no provision of law which authorizes him to apply to the insolvent fund for his own benefit the remaining $47. On the contrary, the act provides (section 9) that "In the distribution among officers to whom this act applies, of all costs both in particular cases or matters, and *all insolvent costs,* and all fines, forfeitures and fees which may become due and payable after January 1, 1926, in any county to which this act applies, the said counties shall be subrogated to the rights and claims of any of the officers named in this act, who but for this act would be entitled to compensation out of the county fines, forfeitures and fees, and shall be after January 1, 1926, entitled to all funds, moneys or emoluments accruing in each county to any of the officers herein named. After January 1, 1926, when orders on the *insolvent fund* or other judgment or findings entered or approved, as to the distribution of said fund between the various officers, instead of the same being entered and approved in the name of each officer entitled thereto, as under the present system, the same shall be entered and approved in the name of the respective officers for such proportion of said moneys as they are entitled to, *for the use and benefit of the county,* . . and shall be paid monthly into county treasury by the officer by whom collected, as herein provided." (Italics ours.) Since the act provides for payment of salaries to the officers, to permit them to get additional compensation by applying fines to the insolvent costs to be used for their individual benefit, rather than having it go into the county treasury, would be contrary to the spirit of the act and contrary to the intent of the lawmaking body. There is nothing retroactive about the act in question which deprives the officers of any property or compensation. Compensation is supplied by the salary, and property rights in fines and forfeitures can not exist until the fines and forfeitures are paid,—until there is something in esse; and the officer can not lawfully create an actual fund out of the county's property, and then claim it in addition to his salary which is paid him par-

tially as a substitute therefor. See, in this connection, *Decatur Bank & Trust Co.* v. *Napier,* 153 *Ga.* 661 (113 S. E. 89). The petition set out a cause of action, and the demurrer thereto was properly overruled.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*